[No, 1899.  Decided February 19, 1896.]

MARGARET E. WEYMOUTH, *Respondent*, v.·MARCUS A.
    SAWTELLE, *Receiver*, et al., *Appellants.*

HUSBAND AND WIFE — COMMUNITY PROPERTY — PRESUMPTION — SEPA-
    RATE PROPERTY OF WIFE—EFFECT OF FAILURE TO FILE INVENTORY.

The presumption that land, acquired by purchase during the ex-
istence of the marital relation, is community property, is a disputable
one which may be rebutted by proof. ·

The failure of a married woman to file an inventory of her sepa-
rate estate as required by·the statute· in force when she acquired
property in 1871, will not operate as a waiver of her right to claim
her separate estate in property which she acquired from the pro-
ceeds of that held in 1871, long after the repeal of the statute re-
quiring the filing of such inventory, especially when it does not
appear that credit had been extended to the community in conse-
quence of the absence of such inventory.

Appeal from Superior Court, Clallam County.—Hon.
JAMES G. McCLINTON, Judge.   Affirmed.

*Warren Carroll,* and *J. C. Phillips,* for appellants.

*Morris B. Sachs,* and *George H. Jones,* for respondent.

The opinion of the court was delivered by

GORDON, J.—On the 2d day of June, 1893, the appellant, Marcus A. Sawtelle, Receiver, etc., recovered a judgment in the superior court of Jefferson county against one Andrew Weymouth (respondent's husband) on a community debt. Thereafter execution was issued, and a levy made on certain real estate, the legal title to which was in the name of the respondent. Thereupon respondent brought this action to restrain the appellants from selling said real estate, alleging the same to be her sole and separate property. From a decree entered upon findings of the lower court in favor of respondent, the case is brought to this court upon appeal. The court below found as a fact that "on or about the 20th day of April, 1891, the plaintiff [respondent] acquired said property by purchase . . . with her separate funds, and the consideration mentioned in the deed . . . conveying the aforesaid described property, to-wit, $2,400.00, was the separate funds and money, and separate property of the plaintiff [respondent] . . . and was the only consideration paid for said property."

It appears from the evidence and the court found as a fact that at the time of the purchase and for many years prior thereto, the respondent and said Andrew Weymouth were husband and wife, and in the absence of any testimony, the presumption would be that said property, having been acquired during the existence of the marital relation, was community property, but this presumption under our law is a disputable, and not a conclusive, presumption. As

3—14 WASH.

was said by this court in *Yesler v. Hochstettler*, 4 Wash. 350 (30 Pac. 398):

" But the assertion of an exception merely requires the production of proof either that the conveyance was in fact a lawful gift, or that the consideration was furnished by husband or wife individually out of funds or property which he or she was entitled, under the law, to hold as separate property. Whatever satisfies the court or jury of the truth of one or the other of these probative facts, will authorize the finding of the ultimate fact that the subject of the conveyance *was separate and not common property, and thus the presumption will be overcome.*"

We have examined the evidence incorporated in the statement of facts sent up, and think that it fully justified the finding of the lower court above quoted. Briefly summarized, it appears therefrom, that at the time of her marriage to Andrew Weymouth, she was presented by her relatives with certain money as a wedding gift. With a portion of said money she in the year 1871 purchased and paid for thirty acres of land located on Discovery Bay. The title to this land was taken in the name of her husband, but the evidence is clear and satisfactory that 'it was purchased entirely with the separate money of the respondent alone. In 1891 the said thirty acres of land were sold, and with the proceeds thereof respondent purchased the land in question, and took title to the same in her own name. It is contended by the appellant that the statute in force in 1871 required the wife to file an inventory in the auditor's office of any lands claimed as her separate estate, and that her failure to file such inventory operated as a waiver of her right to claim the same. This statute, however was repealed long prior to the acquisition by the respondent of the lands here involved, and it does not appear from the

record that the appellant Sawtelle was a creditor of the community consisting of the respondent and Andrew Weymouth at any time prior to the sale of said thirty acres, with the proceeds of which respondent purchased the real estate which is the subject of this action.   Upon the entire record, we are entirely satisfied that a correct conclusion was reached by the court below, and its decree will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.