[No. 2935. Decided November 22, 1898.]

E. MAIN et al., Appellants, v. JOHN D. SCHOLL et al., Respondents.

MARRIED WOMEN—CONTRACTS—RIGHT TO ACQUIRE SEPARATE PROPERTY.

Personalty purchased by a married woman having no separate estate at the time, with money borrowed by her, constitutes community property, under Bal. Code, §§ 4488-4490, defining the separate and community property of husband and wife.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. H. KEAN, Judge. Reversed.

Frank D. Nash, for appellants:

The question is simply as to the nature of property purchased by a married woman with money borrowed, and to secure which she pledges the identical property purchased. This property is community property because not acquired by gift, devise, bequest or descent or by the exchange of her separate property. 1 Hill's Code, § 1399; Heidenheimer v. McKeen, 63 Tex. 229; Epperson v. Jones, 65 Tex. 425; Smith v. Bailey, 66 Tex. 553; Wallace v. Finberg, 46 Tex. 44; Schuyler v. Broughton, 70 Cal. 282.

*G. W. H. Davis,* and *Campbell & Powell,* for respondents.

The opinion of the court was delivered by

SCOTT, C. J.—Appellants concede that the principal question in this case is as to whether property purchased by a married woman having no separate estate, with borrowed money, is, under the law of this state, her separate property or that of the community. The property in controversy was a number of shares of stock in the Puget Sound Brewing Company, which were exposed for sale under an execution issued upon a judgment against the husband on a separate liability, and were bid in by the wife, she at the time obtaining the money to pay therefor by hiring it from a bank and pledging the property purchased as security for its payment. Section 1398, 1 Hill's Code (Bal. Code, § 4489), provides that the property and pecuniary rights owned by a woman at the time of her marriage, or afterwards acquired by gift, devise or inheritance, with the rents, issues and profits thereof, shall not be subject to the debts or contracts of her husband, etc. There was some attempt in this case to show that the wife had a prior separate estate, and there are other questions presented upon this appeal relating thereto, but, under the view of the first question taken by the court, it will not be necessary to consider them. Sections 1408, 1409 and 1410 (Bal. Code, §§ 4502-4504) are as follows:

" Every married person shall hereafter have the same right and liberty to acquire, hold, enjoy, and dispose of every species of property, and to sue and be sued as if he or she were unmarried.

" All laws which impose or recognize civil disabilities upon a wife, which are not imposed or recognized as existing as to the husband, are hereby abolished, and for any unjust usurpation of her natural or property rights she shall have the same right to appeal in her own individual

name to the courts of law or equity for redress and protec-
tion that the husband has; *provided always,* that nothing
in this chapter shall be construed to confer upon the wife
any right to vote or hold office, except as otherwise pro-
vided by law.

"Contracts may be made by a wife, and liabilities in-
curred, and the same may be enforced by or against her
to the same extent and in the same manner as if she were
unmarried."

The several sections relating to the rights of married
women are somewhat conflicting, and in construing them
the scope of some is necessarily enlarged and of others
restricted. We are of the opinion that, while the property
in question was not acquired strictly within the terms of
§ 1398, she not having owned it at the time of her mar-
riage, and it not having been acquired by gift, devise or
inheritance, or from the proceeds of any separate estate,
it was nevertheless her separate property; for she should
have the same right to the benefit of her individual credit,
under the subsequent sections, that the husband has as
to his.

Unless this property, when so purchased, became the
separate property of the wife, the debt which she indi-
vidually contracted to pay for it became a community
debt. To hold that the wife might bind the community
generally, and without limitation, by any contract that
she might make, would certainly be contrary to the spirit,
if not to the express provisions, of the various statutes
dealing with the rights of married persons. The husband
is given the control of all of the community property and
the right to dispose of the personalty. Consequently the
same right cannot exist in the wife, and the scope of
§ 1409 (Bal. Code, § 4503) is limited thereby. At the
common law the wife might create a valid debt against
the husband for necessaries purchased for herself and
family, and § 1414 (Bal. Code, § 4508) provides that

the expenses of the family, including the education of the children, shall be chargeable to the property of both husband and wife or either of them. While, for instance, a married woman might contract at a store a valid debt against the community and the husband for a sack of flour needed in the family, she could not, independently of any authority from the husband, buy out an entire establishment, amounting perhaps to thousands of dollars in value, for the purpose of engaging in a business, and thereby create a valid debt against the husband or the community.

No fraud was shown in this case, the facts regarding the purchase are conceded, and we are of the opinion that the property in question, at the time of its purchase by the wife at the execution sale, became her separate property, and it follows that the judgment of the lower court should be affirmed.

GORDON and REAVIS, JJ., concur.

ANDERS, J. (dissenting).—I am unable to assent to the proposition that Mrs. Scholl, by bidding in the stock in question at the execution sale, thereby made it her separate property, for the reason that the statute provides explicitly that all property acquired by either husband or wife, and not by gift, devise or inheritance, shall be community property. It is conceded that this stock was acquired by *purchase,* and hence I think it should be deemed the property of the community. In my opinion, the judgment should be affirmed, if affirmed at all, on the ground that the stock was originally purchased with the separate money of Mrs. Scholl, to establish which fact there was evidence introduced at the trial.

DUNBAR, J. (dissenting).—The testimony convinces me that the purchase was not made with the separate money of Mrs. Scholl. I therefore think the profits aris-

ing from the purchase became community property. The judgment should be reversed.

OPINION ON REHEARING, MAY 31, 1899.

GORDON, C. J.——For a former opinion in this case see 54 Pac. 1125. The principal question argued at the rehearing was whether property purchased by a married woman having no separate estate, with borrowed money, becomes her separate property or property of the community. The question was squarely decided in *Yesler v. Hochstettler,* 4 Wash. 349 (30 Pac. 398). The decision of that case was overlooked in the discussion of this question in the former opinion. In that case the question is exhaustively discussed and the authorities fully reviewed. In the course of the opinion the court say:

" There can be no doubt that if a married woman, under the act of 1881, borrows money entirely upon her personal credit, *the money and whatever she buys with it becomes common property,* . . . "

Without again attempting to review the authorities, we are disposed to think that the statute itself necessitates that conclusion. Sections 4488 and 4489, Bal. Code (1 Hill's Code, §§ 1397, 1398), define what is the separate property of husband and wife, § 4489 being as follows:

" The property and pecuniary rights of every married woman at the time of her marriage, or afterwards acquired by gift, devise or inheritance, with the rents, issues and profits thereof, shall not be subject to the debts or contracts of her husband, and she may manage, lease, sell, convey, encumber or devise by will such property, to the same extent and in the same manner that her husband can, property belonging to him."

Section 4490 (1 Hill's Code, § 1399) provides that,

*" Property, not acquired or owned as prescribed in the next two preceding sections, acquired after marriage by either husband or wife, or both, is community property."*

If we are to accept the plain, statutory definitions of what is separate and what community property, it becomes at once evident that property purchased with the proceeds of a loan made by either husband or wife subsequent to marriage is community property, because it is not acquired in any of the ways enumerated by §§ 4488 and 4489, *supra*. It was the evident purpose of the legislature to place the spouses upon a footing of equality as nearly as practicable. Let us suppose that this transaction had been that of the husband. In that event it would scarcely be questioned that the property so acquired would have become community property. Is there any reason discoverable in the legislative enactment for regarding it differently because the wife instead of the husband is the operator? To depart from the plain letter of the statute is to embark upon a sea of uncertainty.

The decision in the case of *Brookman v. State Insurance Co.,* 18 Wash. 308 (51 Pac. 395), was controlled by a state of facts different from that existing here. But it must be conceded that much that was said in that case conflicts with the view herein expressed, and with those expressly declared in *Yesler v. Hochstettler, supra*. To the extent of such conflict *Brookman v. State Insurance Co.* is overruled.

The judgment of dismissal in the present case is reversed and the cause remanded, with direction to the lower court to overrule the motion to dismiss and to proceed with the cause.

. FULLERTON, ANDERS, DUNBAR and REAVIS, JJ., concur.