[No. 4644. Decided February 4, 1904.]

WILLIAM D. LEGG *et al., Appellants,* v. MALENA LEGG *et al., Respondents.*[1]

COSTS—ATTORNEY'S FEES—ACTION FOR PARTITION. In an action for a partition of real estate, attorney's fees outside the statutory fee can not be allowed or taxed as part of the costs or disbursements provided for by Bal. Code, § 5604, especially in view of the statute leaving attorney's fees to the agreement of the parties.

PARTITION—CONDEMNATION AWARD PAID TO CO-TENANT IN POSSESSION—TRUSTEE FOR CO-TENANTS. Where condemnation pro-

[1]Reported in 75 Pac. 130.

ceedings for a right of way are prosecuted against a co-tenant
in possession, the public records showing that she was the
owner of the land, and a sum is awarded and paid to her as the
value of the land taken, when in fact she had inherited but a
one-half interest therein, in an action subsequently brought for a
partition, she should be held to account as a trustee to the
other heirs who were not parties to the condemnation proceed-
ings, whether they were concluded thereby or not, since they
may treat it as valid.

SAME—DEFAULT OF HEIR. An heir who was made a party to
the condemnation proceedings and suffered a default therein is
not entitled to share in the proceeds of such award.

COMMUNITY PROPERTY—IMPROVEMENTS ON HUSBAND'S SEPARATE
REAL ESTATE—REIMBURSEMENT TO SURVIVING WIFE. Where a
husband and wife by their joint efforts add $900 in value to
the husband's separate real estate, upon the death of the husband
without issue, the wife, as survivor of the community, is en-
titled to reimbursement from such separate estate, for the said
value of the improvements made by the community.

Appeal from a judgment of the superior court for Skagit
county, Neterer, J., entered October 28, 1902, after a trial
on the merits before the court without a jury, granting a
partition and ordering a sale of real estate, subject to cer-
tain liens in favor of the defendant Malena Legg. Modi-
fied.

*Million & Houser,* for appellants. In a partition courts
of equity may make allowances for attorneys' fees irre-
spective of statutory provisions. *Schaefer v. Kienzel,* 123
Ill. 430, 15 N. E. 164; *Biles' Appeal,* 119 Pa. St. 105,
12 Atl. 833; *Cronkright v. Haulenbeck,* 35 N. J. Eq. 279;
*Race v. Gilbert,* 102 N. Y. 298, 6 N. E. 592; *Lowe v.
Phillips,* 21 Ohio St. 657; *Laird v. Walkinshaw,* (Pa.)
15 Atl. 898. The appellants are entitled to attorneys'
fees as "costs of partition." Bal. Code, § 5604; *Redecker
v. Bowen,* 15 R. I. 52, 23 Atl. 62; *Kilgour v. Crawford,*
51 Ill. 249; and cases *supra.* Where entire compensation
is awarded on condemnation to one on the theory of sole

ownership, others interested may recover their shares. Lewis, Eminent Domain, § 627; *Harris v. Howes,* 75 Me. 436; *McAllister v. Reel,* 53 Mo. App. 81; *Haswell v. Vermont Cent. R. Co.,* 23 Vt. 228.

*Fairchild & Bruce,* for respondents.

PER CURIAM.—This was an action for the partition of real estate, commenced in the superior court of Skagit county by appellants, William D. Legg, Hattie Legg, Cassie Legg, Mary Legg, Lydia Staples, Arthur L. Heywood, Edgar A. Heywood, and William M. Lyden, against respondents, Malena Legg, Milo J. Legg, John Steen, and James White.

Joseph B. Legg, on the 8th day of March, 1873, made final proof, under the pre-emption laws of the United States, on the northwest quarter of the southwest quarter of section 22, township 36 north, range 3 east, in Skagit county, Washington. Patent issued for this land to said Legg on February 25, 1874. On the 22nd day of September, 1874, in Whatcom county, this state, Joseph B. Legg and respondent Malena Legg intermarried, and, from that date continuously till on or about June 1st, 1899, they occupied this property as their home. After their marriage, on June 20, 1884, Joseph B. Legg acquired title by patent to lot 3, section 21, in township 36 north, range 3 east, W. M., pursuant to the homestead laws of the United States.

On or about June 1st, 1899, Joseph B. Legg died, intestate, leaving as his heirs at law, his widow, Malena Legg; Lydia Staples, a sister; Cassie, Mary, and Hattie Legg, children of Charles H. Legg, a deceased brother; William M. Lynden, whose name was formerly William M. Legg, an only child of Edwin Legg, a deceased brother, whose name was changed by a decree of the probate court in

Massachusetts from William M. Legg to William M. Lynden; Arthur F. and Edgar A. Heywood, only children of Eliza F. Legg-Heywood, a deceased sister; and William B. and Milo J. Legg, only children of William Legg, a deceased brother.

The trial court found, that, since June 1st, 1899, the date of the decease of Joseph B. Legg, respondent Malena Legg has been in the sole and exclusive occupation of the northwest quarter of the southwest quarter of section 22, above described; that the reasonable rental value thereof is $225 per annum; that, at the time of the marriage of Joseph B. Legg with respondent Malena Legg, this land was of no other or greater value than $500; that since their marriage said husband and wife resided upon, improved, and enhanced the value of said land by their joint efforts to the extent of $900; that the present value thereof is $2,000; that the rental value of such property, during the time it was occupied by intestate and Malena Legg, in excess of taxes paid, was $100 per annum; that Malena Legg, at the time of the death of her husband, had no property of any kind or character except her community interests in the property above named; that she was not indebted to the community in any sum whatever; that, since the decease of Joseph B. Legg, Malena Legg has paid the expenses of the last sickness and funeral of her deceased husband and costs of administration of the estate amounting to $150, the sum of $111 general taxes, and $43 in labor for road property tax assessed against said northwest quarter of the southwest quarter of section 22; that in 1901 the Seattle and Montana Railroad Company instituted proceedings to condemn a right of way through the real estate first above described, making Malena Legg, William D. Legg, James White, and John Steen defendants therein; that all of said parties defaulted in such proceedings, except Malena Legg,

who received from said railroad company, as compensation for her land, by virtue of said proceedings, the sum of $940; that in such condemnation proceedings Malena Legg necessarily incurred expenses amounting to $138; that in such proceedings appellants Hattie Legg, Cassie Legg, Mary Legg, Lydia Staples, Arthur F. Heywood, and William M. Lynden, were not made parties therein; that, after the decease of Joseph B. Legg, Malena was duly appointed by the superior court of Skagit county as administratrix of said decedent's estate; that she thereafter duly qualified in that behalf, and has since been discharged; that, at the time of the decease of Joseph B. Legg, he left sufficient personal property belonging to the community to have paid the expenses of his last sickness and funeral and the costs of administration.

The trial court further found: "That, so far as the public records show at the time said condemnation proceedings were pending, said Malena Legg was the owner of said property. That an order was made in said proceedings directing said $940 to be paid to said Malena Legg, said order was made without notice to any of the plaintiffs [appellants]." The court also found, that $100 is a reasonable fee to be allowed appellants' attorneys in case the same is a proper allowance as a part of the costs herein; that said property is so situated that a partition thereof cannot be made without great prejudice to the owners.

On these findings of fact the trial court made its conclusions of law, that respondent Malena Legg is the sole owner of said lot 3 in section 21 as the survivor of the community (Joseph B. and Malena Legg); that the appellants and respondent Milo J. Legg are the owners of an undivided one-half of the northwest quarter of the southwest quarter of section 22, township 36 north, range 3 east,

and that Malena Legg is the owner of the remaining un-
divided one-half thereof; that this tract of land was the
separate property of deceased Joseph B. Legg in his life-
time, which is the only land and property affected by these
proceedings; that respondents Steen and White have no
interest in the merits of this action; that no attorney fees
on either side are chargeable against the common estate;
that appellants and respondent Milo J. Legg have no in-
terest, nor right to participate, in the money paid by the
railroad company to Malena Legg; that she is entitled to
a charge and prior lien upon this land, on account of im-
provements, in the sum of $900, with interest added, ag-
gregating $1,165, with accruing interest thereon at seven
per cent. per annum, and an additional charge of $77, one-
half of the total amount paid for taxes and betterments
placed on the land; and that she is to be charged with
$337.50, one-half of the rental value of said lands for
three years.

On October 28, 1902, the superior court rendered a de-
cree ordering this tract to be sold.   Out of the proceeds of
such sale, Malena Legg was first to receive $904.05, with
interest at seven per cent. from date of decree; one-half
of the residue of such proceeds was to be paid to Malena
Legg, and the other half thereof to be paid to appellants
and Milo J. Legg.   Malena Legg was charged with one-
half of the costs, and appellants and Milo J. Legg, with the
other half.   The court refused to tax any attorney fees as
a part of the costs on either side.   Plaintiffs allege ex-
ceptions, and appeal to this court.

Appellants contend that the trial court erred:  (1) in
not allowing them an attorney fee of $100 as a part of the
costs;  (2) in refusing to allow them their share of the
money received by respondents for the right of way from
the railroad company; and (3) in allowing Malena Legg's

charges against this tract of land on account of improvements and taxes.

(1) Bal. Code, § 5604, provides:

"The costs of partition, including fees of referee and other disbursements, shall be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the decree. In that case there shall be a lien on the several shares, and the decree may be enforced by execution against the parties separately. When, however, a litigation arises between some of the parties only, the court may require the expense of such litigation to be paid by the parties thereto, or any of them."

The question presented by appellants' counsel is whether the above provision authorizes the taxation of attorney's fees as a part of the costs in partition suits. Some of the authorities cited by appellants from other states hold that, under the general term "costs," attorney's fees may be taxed in partition cases; while the vast majority of courts treat this subject-matter as regulated wholly by statutory provisions, refusing to tax such fees unless specially named therein. The recovery of costs, by that name, was unknown to the common law till regulated by statute, in the courts of law. The allowance of costs in any case depended entirely on the terms of the statute. 5 Enc. Plead. & Prac. p. 110. This court, in *Trumble v. Trumble,* 26 Wash. 133, 66 Pac. 124, decided, in accordance with this rule—in enforcing a judgment lien for alimony in a divorce suit against certain property—that, when there was no provision for an attorney fee by the terms of the original decree, it was error to allow more than the statutory compensation as provided in Bal. Code, § 5165. We think the rule enunciated in that case on this subject is correct, and, when applied to the case at bar, would not authorize us in allowing the attorney fee which appellants now contend should be charged against

the common estate of the parties to this controversy; more especially in view of the statute which provides that compensation of attorneys shall be left to the agreement of the parties.

(2) On the second contention, we are of the opinion that Malena Legg should account, under the findings of the trial court, to the appellants (excepting William D. Legg), as heirs at law of decedent, Joseph B. Legg, above named, who were not parties to the condemnation proceedings instituted by the Seattle and Montana Railroad Company, for their interests, respectively, as such heirs, in the money received by her from the railroad company, after deducting the expenses necessarily incurred in connection with such condemnation proceedings. The public records showed that, at the time of the condemnation proceedings, Malena Legg was the owner of the land taken as a right of way, and she received the money as the value of the real estate condemned, and not simply as payment for her interest therein. This seems to be the correct interpretation of the findings of the trial court in that behalf. If this be true, it is but fair and equitable that Malena Legg should be treated as a trustee for these heirs, with reference to their respective interests in that fund. Whether these appellants are concluded by the judgment of the superior court in the condemnation proceedings instituted by the railroad company, is not a material question in the controversy, as presented by this record. These appellants have the undoubted right to treat the proceedings as valid, and call upon Malena Legg for an accounting as their trustee. Appellant William D. Legg is not entitled to share in this fund, as he was a party to the condemnation proceedings, and defaulted therein.

(3) Appellants' counsel concede in their argument that respondent Malena Legg is entitled to a credit of one-half

of the $154 paid for taxes, which inured to the benefit of the other heirs of deceased Joseph B. Legg, so no discussion of that question is necessary. We are of the opinion, however, that the trial court committed no error in allowing Malena Legg the sum of $900 and interest, as a lien and charge against the land to be deducted from the proceeds of the sale, for betterments placed on the land during the existence of the community. The decedent and Malena Legg had, by their joint efforts and labors, added that sum to the value of this property. The appellants were not co-tenants of the land with Malena Legg at the time when these improvements were placed thereon by the community. They had no estate or interest in this property at that time. Their interests as heirs did not attach to the estate of Joseph B. Legg before the time of his death. In equity and fairness to Malena Legg, as the survivor of the community, she should be reimbursed for betterments placed on the land by the community, as against parties who contributed nothing towards improving the same or enhancing the value thereof.

In *Furrh v. Winston,* 66 Tex. 525, 1 S. W. 527, the court uses the following language: "It is well settled that separate estate of one member of the community must reimburse the community for any proper improvements made in good faith upon the separate estate with community funds." Citing *Rice v. Rice,* 21 Tex. 66; *Bond v. Hill,* 37 Tex. 626. See, further, *Clift v. Clift,* 72 Tex. 144, 10 S. W. 338. Applying this rule of law to the facts in the case at bar, Malena Legg, as survivor of the community, is entitled to reimbursement from the separate estate of Joseph B. Legg, decedent, as decided by the trial court.

The judgment of the superior court should be modified as indicated in this opinion, and the case is therefore re-

manded with directions to the trial court to enter the
proper decree.    Neither appellants nor respondents shall
recover costs on this appeal.