[No. 6222.  Decided May 28, 1907.]

ALICE HEINTZ, *Respondent*, v. CHARLES R. BROWN *et al.*, *Appellants*.[1]

APPEAL—RIGHT TO APPEAL—INTEREST OF PARTY.  A sheriff who has been enjoined from proceeding to sell property under execution has such an interest in the controversy as to entitle him to appeal from the judgment.

HUSBAND AND WIFE—COMMUNITY PROPERTY—PROPERTY ACQUIRED WITH SEPARATE AND COMMUNITY FUNDS — EXECUTION — INJUNCTION. Where a wife purchases lands, paying part of the price with her separate funds and the balance with money borrowed by her on the land, the same becomes community property in the proportion that the sum borrowed bears to the separate funds invested therein; and an execution sale for a community debt will be enjoined only to the extent of her separate interests.

Appeal from a judgment of the superior court for Adams county, Warren, J., entered October 19, 1905, after a trial on the merits before the court without a jury, enjoining an execution sale of real property.  Reversed.

*Tolman & Kimball*, for appellants.

*Zent & Lovell*, for respondent.

RUDKIN, J.—In the month of December, 1900, the plaintiff, Alice Heintz, entered into a contract with the Northern Pacific Railway Company for the purchase of fractional section 5, Tp. 20, N., R. 38 E., W. M., containing 208 and a fraction acres.  Under the terms of this contract, the purchase price was to be paid in five annual installments of about $62 each.  Three of these installments were paid by the plaintiff out of her separate funds, acquired by bequest from her deceased father.  On the 25th day of January, 1904, she borrowed money on this land from the Holland Bank to pay the deferred payments, or balance due, and on that date

[1]Reported in 90 Pac. 211.

received from the railway company a warranty deed reciting a consideration of $361. In the year 1901 the plaintiff entered into a further contract with the Oregon Mortgage Company for the purchase of the S. W. ¼ of N. W. ¼, the N. E. ¼ of the N. W. ¼, the N. W. ¼ of the N. E. ¼, and lot 1 of section 8, in the same township and range. At the time of the execution of this contract, she paid $300 on the purchase price from her separate funds, acquired as above stated. On the 25th day of January, 1904, she borrowed money from the Holland Bank on this land to make the deferred payments and received a warranty deed from the mortgage company of that date, reciting a consideration of $650.

In the year 1902 the plaintiff entered into a further contract with one Kohl for the purchase of fractional section 7 in the same township and range. No payments have been made on the last-mentioned contract, except interest paid out of separate funds. On the 24th day of July, 1905, the defendant Gilson, as sheriff of Adams county, levied on all the above-described lands under and by virtue of an execution issued out of the superior court of Lincoln county on a certain judgment therein entered in an action wherein Charles R. Brown was plaintiff, and the plaintiff herein and John T. Heintz, her husband, were defendants, and gave notice that he would sell the same at public auction to satisfy the above-mentioned judgment and execution. John T. Heintz and the plaintiff, Alice Heintz, were husband and wife during all the times herein mentioned. The judgment sought to be enforced against the plaintiff was for a community debt, and the character of the land in controversy, whether community property or the separate property of the wife, is the only question presented on this appeal. The plaintiff had judgment below enjoining the execution sale, and from that judgment the defendants appeal.

The respondent has moved to dismiss the appeal for the reason that the appellant sheriff has no interest in the con-

troversy, and cannot appeal from the judgment against him. Counsel has suggested no reason why an officer, who has been restrained from the performance of a duty enjoined upon him by law, cannot appeal from the adverse judgment and we perceive none.   The motion to dismiss is therefore denied.

From the foregoing statement it will be seen that the property acquired from the railway company and the mortgage company was paid for in part by the separate funds of the wife, and in part by money borrowed on the property in which she had invested her separate funds.   Under the rule announced by this court in *Yesler v. Hochstettler*, 4 Wash. 349, 30 Pac. 398, and reaffirmed on rehearing in *Main v. Scholl*, 20 Wash. 201, 54 Pac. 1125, the funds borrowed by the wife, even though borrowed on her separate property, or on property in which she had invested her separate funds, was community property, and to that extent at least the property in controversy was paid for with community funds and became community property.   See, also, *Schuyler v. Broughton*, 70 Cal. 282, 11 Pac. 719; *Heidenheimer Bros. v. McKeen*, 63 Tex. 229.

In the states where community property laws prevail, the rule seems to be established that property purchased in part with community funds and in part with separate funds is community property to the extent and in the proportion that the consideration is furnished by the community, the spouse supplying the separate funds having a separate interest in the property in proportion to the amount of his or her investment.   21 Cyc. 1644; *Schuyler v. Broughton, supra; Jackson v. Torrence*, 83 Cal. 521, 23 Pac. 695; *Northwestern etc. Bank v. Rauch*, 7 Idaho 152, 61 Pac. 516; *Love v. Robertson*, 7 Tex. 6, 56 Am. Dec. 41; *Braden v. Gose*, 57 Tex. 37; *Parker v. Coop*, 60 Tex. 111; *Goddard v. Reagan*, 8 Tex. Civ. App. 272, 28 S. W. 352; *Clardy v. Wilson*, 24 Tex. Civ. App. 196, 58 S. W. 52.

A rule which permits married persons to commingle separate and community funds in the acquisition of property

after marriage, and to assert their separate property rights as against creditors of the community is by no means free from objection, but such a rule is established by the authorities, and we feel constrained to adopt it. It follows that the judgment must be reversed, with directions to ascertain the proportion that the separate funds of the respondent, entering into the purchase price of the property bore to the entire consideration paid, and to enjoin the execution sale to that extent. It is so ordered.

HADLEY, C. J., MOUNT, DUNBAR, CROW, and ROOT, JJ., concur.