[No. 13488. Department One. October 17, 1916.]

JAY P. GRAVES, *Respondent*, v. COLUMBIA UNDERWRITERS, *Appellant*.[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—JOINT NOTE—SEPA-RATE PROPERTY OF WIFE—IMPROVEMENT—COMMUNITY DEBT. Money borrowed by the note of husband and wife, secured by mortgage on his wife's separate property, and used in the payment of taxes and the preservation of such property, is not a community fund, and does not give the community any interest in the land which could be subjected to the lien of a community judgment; in view of Rem. 1915 Code, §§ 5915-5917, defining separate and community property, placing the latter under the control of the husband, and providing that the wife's separate property shall not be subject to the debts or contracts of the husband, but only to her control in the same manner that the husband controls property belonging to him.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered November 12, 1915, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*Kenneth Durham*, for appellant.

*P. F. Quinn*, for respondent.

FULLERTON, J.—Bessie Lynch Fife, at the time of her marriage to James H. Fife, was the separate owner of lot 4, block 4, Havermale's addition to Spokane, which property she had inherited from a former husband. On March 1, 1914, the Columbia Underwriters, a corporation, obtained a judgment for $172.60, with interest and costs, against the community composed of James H. and Bessie Lynch Fife, upon which execution was issued and returned unsatisfied. On February 23, 1915, Bessie Lynch Fife borrowed $2,100 for the purpose of paying off some $1,747.39 delinquent and current taxes on lot 4, block 4, Havermale's addition, the property being unproductive and incapable of meeting its tax burdens. The balance of the loan was used in connection with other sepa-

[1] Reported in 160 Pac. 436.

rate property of the wife. A mortgage was given upon the foregoing described lot, husband and wife both joining in the note and mortgage at the request of the person making the loan. On June 14, 1915, Mr. and Mrs. Fife joined in a warranty deed conveying such mortgaged lot to J. P. Graves for a consideration of $10,000. The purchaser retained $250 out of the sale price pending the bringing of an action to quiet title against defendant's judgment, which, at the time of sale, amounted to about $240. The action to quiet title was brought in the name of the purchaser, J. P. Graves, at the expense of James H. and Bessie Lynch Fife, who were stipulated to be the real parties in interest. From a judgment quieting title in J. P. Graves, the Columbia Underwriters appeal.

The appellant contends that the $2,100 obtained on the note jointly executed by James H. Fife and Bessie Lynch Fife became community property, and the payment of the tax liens with such borrowed money vested the community with an interest in the lot in question, which could be subjected to the rights of an existing judgment creditor. In other words, it is contended that money borrowed on the joint note of husband and wife on the security of her separate property, and designed solely for the protection or improvement of such property, acquires the status of community property by reason of the joinder of the husband in the note and mortgage given for the loan, even though his joinder were unnecessary under the law; and that its investment in the separate property of one spouse is the commingling of a community interest in such property to the extent of subjecting it to liability on the claims of existing judgment creditors of the community.

The separate property of a wife is defined by Rem. 1915 Code, § 5916, as follows:

"The property and pecuniary rights of every married woman at the time of her marriage, or afterwards acquired by gift, devise, or inheritance, with the rents, issues, and profits thereof, shall not be subject to the debts or contracts

of her husband, and she may manage, lease, sell, convey, encumber or devise by will such property, to the same extent and in the same manner that her husband can, property belonging to him."

The preceding section of the code, Id., § 5915, after defining the husband's separate property, provides that he may manage and incumber it without the joinder of his wife, as fully and to the same extent as if he were unmarried. Id., § 5917 provides that, "Property, not acquired or owned as prescribed in the next two preceding sections, acquired after marriage by either husband or wife, or both, is community property."

Under these sections, we have held that the proceeds of a loan to husband and wife, and property purchased therewith, though the money was borrowed on the security of the separate property of one spouse, would constitute community property. *Yesler v. Hochstettler*, 4 Wash. 349, 30 Pac. 398; *Main v. Scholl*, 20 Wash. 201, 54 Pac. 1125; *Heintz v. Brown*, 46 Wash. 387, 90 Pac. 211, 123 Am. St. 937.

It will be noticed in these cases that the decision is rested on the ground that additional property was acquired with the borrowed money, or that such money was put to other uses for the benefit of the community. The present case is readily distinguishable by reason of the fact that the money was borrowed solely for the purpose of preserving the wife's separate property from loss under tax foreclosure. The statutes give the right to married persons to manage and encumber their separate property as fully as though they were unmarried. It certainly falls within the proper management of one's separate property to take measures against its sequestration for taxes, and the incumbering of one's property to raise money for such a purpose amounts to nothing more. If the money is not devoted to any community purpose, it retains its status as separate property. The joinder of the husband in the note and mortgage on his wife's separate property, an act exacted by the person making the loan in an ex-

cess of precaution, would not convert the money acquired thereby into a community fund, if it was in no way applied to community uses. We have held in the case of *Dobbins v. Dexter Horton & Co.*, 62 Wash. 423, 113 Pac. 1088, that the joinder by a husband with his wife in a note and mortgage upon her separate property would not make the property nor the proceeds therefrom community property. While the presumption naturally arises that property acquired during the marital relation is community property, the presumption is a rebuttable one. *Weymouth v. Sawtelle*, 14 Wash. 32, 44 Pac. 109. In the present case, the facts indisputably show that the borrowed money was in no way devoted to a community use, but solely for the benefit of the separate property on which it was raised. The status of Mrs. Fife's separate property, having been fixed as such at the time of its acquisition, would remain so fixed unless changed by deed, due process of law, or by the working of some form of estoppel. *Katterhagen v. Meister*, 75 Wash. 112, 134 Pac. 673; *In re Deschamps' Estate*, 77 Wash. 514, 137 Pac. 1009; *Morse v. Johnson*, 88 Wash. 57, 152 Pac. 677.

The money arising from the mortgage upon Mrs. Fife's separate property never having become community property, under the facts and the law, there was, of course, no commingling of community with separate property, as contended by appellant. Hence no question of the right of a community creditor to follow community funds commingled with separate property is presented.

The judgment of the lower court is affirmed.

MORRIS, C. J., CHADWICK, ELLIS, and MOUNT, JJ., concur.