[No. 19963.  Department One.  August 30, 1926.]

RIVERSIDE FINANCE COMPANY, *Respondent,* v. J. H.
GRIFFITH *et al., Appellants.*[1]

[1] EVIDENCE (223)—FORMER TRIAL—IDENTITY AND ISSUES.  In an
action by a judgment creditor of the husband to set aside as
fraudulent his conveyance of his separate property to his wife,
his testimony in the former action to the effect that all said prop-
erty was his separate property, and not community property as
claimed in the present action, is admissible as an admission
against interest and conclusive upon him and his wife, who was
a party to the former action.

[2] HUSBAND AND WIFE (54, 60)—COMMUNITY PROPERTY—PURCHASE
ON CONSIDERATION OF SEPARATE PROPERTY — EVIDENCE — SUFFI-
CIENCY.  Where property was acquired from the proceeds, through
several transactions, of the husband's separate estate, the nature
of the property is not changed from the fact that in purchasing
part of it a mortgage was given by both husband and wife.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered November 21,
1925, upon findings in favor of the plaintiff, in an
action to set aside a conveyance of real property as in
fraud of creditors, tried to the court.  Affirmed.

*W. D. Scott,* for appellants.
*Hamblen & Gilbert,* for respondent.

HOLCOMB, J.—In a prior action in which these same
appellants were defendants, respondent recovered
judgment for two thousand dollars against J. H.
Griffith, solely, for a surety debt, the other spouse
being dismissed.  In that action it was alleged that the
note had been executed for and on behalf of the com-
munity composed of appellants.

Appellants each there appeared separately, and
each answered the allegation of the plaintiff therein

[1] Reported in 248 Pac. 786.

that the note was a community obligation, by denying the same, and it was alleged, on the contrary, that the obligation was a separate one of the husband. It was also alleged, in the separate answer of the wife, that her husband was a stockholder in a certain mining corporation, and had become security for that corporation on certain indebtedness, and, in order to settle his liability therein, gave the promissory note in question.

When that case was tried in the superor court, the only issue was whether the note was the separate obligation of the husband or the community obligation of himself and wife, as claimed by plaintiff. In support of his claim that it was his separate and individual obligation, the husband took the stand and testified, in substance, that he had married Beatrice Griffith in 1905; that, at the time of his marriage, he was the owner of a plumbing and heating supply business in which his interest was worth $40,000, or more; that his interest in the mining corporation, for which he had become surety, and which later resulted in giving the note sued upon, was acquired with his individual money, and not with community funds. On cross-examination, he further testified that all the property he then had was acquired with property owned before his marriage, or from the proceeds and gains of such property, and that he had no community property at that time, and that he had been in no business earning a substantial income since he sold his plumbing business.

There being no testimony to controvert that offered by him in that case, the court rendered judgment against him on the promissory note, upon findings that the indebtedness represented by the note was the separate indebtedness of the husband. That decree was entered in November, 1923.

In September, 1923, after the suit in that case had been begun, but before judgment, the husband made a

transfer to his wife of all his real estate in Spokane county. Thereafter, the present action was commenced to set aside the conveyance of the real estate as being in fraud of creditors and, particularly, in fraud of the rights of respondent.

The complaint in this case alleges that the transfer of the real estate was made while the former suit was pending, without consideration, and for the purpose of placing the property beyond the reach of respondent, and with intent to hinder, delay and embarrass respondent in the collection of its debt. This allegation was not denied by appellants. Likewise, it was not denied that the property transferred comprised substantially all the property and assets of J. H. Griffith, and that, by the conveyance to his wife, he was left without property or funds sufficient to pay the indebtedness due respondent, and that, unless the transfer was set aside, respondent would be without means to collect its judgment.

For answer, appellants in this action denied that the property conveyed by Griffith to his wife was, or had been, the sole and separate property of the former, and alleged that the property was all community property, with the exception of certain lots which had been reconveyed to the husband.

Upon the trial of the case, the trial court held that the property in question was the separate property of the husband, and entered judgment setting aside the conveyance theretofore made by him to his wife as in fraud of the rights of respondent.

At the trial of the case, pursuant to a written stipulation between the parties through their counsel, the testimony of appellant, the husband, at the trial of the former case in November, 1923, was introduced by a transcription thereof prepared by the official court reporter who reported the case. It was stipulated that

the transcription should be introduced and read in evidence without the necessity of producing the reporter, subject to the same objections on the part of appellants as if the reporter were personally present in court testifying as to the testimony given by the husband in the former trial.

Upon the offer of the transcript of the testimony, objection was made by appellants on the grounds that the record of the testimony was incompetent and immaterial, in the nature of impeaching evidence, and, also, that it was secondary evidence.

[1] The first error urged by appellants on appeal is that the reception of that evidence was erroneous. It is now contended that this evidence was received under Rem. Comp. Stat. § 1247 [P. C. § 7770], which provides:

"The testimony of any witness, deceased, or out of the state, or for any other sufficient cause unable to appear and testify, given in a former action or proceeding  . . .  may be given in evidence in the trial of any civil action or proceeding, where it is between the same parties and relates to the same matter."

It is asserted that there was no showing that J. H. Griffith was absent from the state, or deceased, and that, on the contrary, the record shows that he was in the court room attending the trial.

This evidence was not offered or received under that provision of the statute. That statute authorizes the introduction by litigants of the testimony of any deceased or absent witness in a former action, as direct evidence. This evidence was offered by respondent as statements amounting to declarations against interest. The fact that it was in the nature of sworn testimony in court does not change the rule.

Declarations and admissions against interest may always be offered, whether made in court or out of court.

The effect of the evidence of the husband, in that former trial, was to overcome the presumption that the property he owned in November, 1923, was community property, and established the status of the property as separate property. He testified that the property he then owned was acquired by the proceeds of his business, which was separate property acquired before his marriage to his present wife, and the proceeds and gains of other property which had been acquired after the sale of his business. He testified that he had not had any substantial earnings after he had sold out his plumbing and heating business.

The record of that evidence in the former trial was relevant, material and competent, and both appellants being parties to that action and contending for the same thing, are now bound by it.

Appellants also contend that there was no other evidence to overcome the presumption that the property in controversy is community property of the parties, and that therefore the court erred in not granting their motion for judgment at the close of respondent's case, in granting any judgment in favor of respondent against appellants, and in subjecting certain described real estate in Spokane, Washington, to the judgment of respondent in the former case.

Although we are satisfied that the record and sworn testimony produced in court in the former case estops them from now contending to the contrary, nevertheless, there was other evidence produced in the present case.

[2] No other deduction can be made from the testimony of appellant, the wife, than that all this property was acquired from the proceeds of property through several transitions and gains that the husband acquired from the sale of his former business, which was incontrovertibly separate property. These proceeds and the

gains thereof were clearly traceable from the transactions testified to by the wife. Nor does the circumstance that, in purchasing the most valuable piece of property acquired by the husband after the sale of his business, a mortgage was given signed by both himself and his wife to the vendor for a portion of the purchase price render the property community property. It is well known that vendors, when dealing with purchasers who are married at the time, generally require both spouses to join in the conveyances and incumbrances for safety, by estopping the other spouse from afterwards attacking the transactions.

The record is clear that the husband's separate funds purchased these properties, notwithstanding the fact that the mortgage was executed by both the husband and the wife. The community, as such, contributed nothing to its acquisition. *United States Fidelity & Guaranty Co. v. Lee,* 58 Wash. 16, 107 Pac. 870; *Dobbins v. Dexter Horton & Co.,* 62 Wash. 423, 113 Pac. 1088; *Graves v. Columbia Underwriters,* 93 Wash. 196, 160 Pac. 436; *In re Finn's Estate,* 106 Wash. 137, 179 Pac. 103; *In re Brown's Estate,* 124 Wash. 273, 214 Pac. 10.

The judgment is right and it is affirmed.

TOLMAN, C. J., and MACKINTOSH, J., concur.

FULLERTON, and BRIDGES, JJ., concur in the result.