[Civil No. 2816. Filed June 19, 1929.]

[278 Pac. 370.]

IRA F. HORTON, Appellant, v. ALMA O. HORTON, Appellee.

See Appeal and Error, 4 **C. J.**, sec. 2727, p. 777, n. 61; sec. 2728, p. 778, n. 75.

Husband and Wife, 31 **C. J.**, sec. 1129, p. 37, n. 78; sec. 1131, p. 40, n. 3; sec. 1132, p. 40, n. 16; sec. 1142, p. 49, n. 3.

Mr. W. E. Patterson and Messrs. Norris, Norris & Flynn, for Appellant.

Mr. J. E. Russell and Mr. R. B. Westervelt, for Appellee.

LOCKWOOD, C. J.—Alma O. Horton, hereinafter called plaintiff, brought suit against Ira F. Horton, her husband, hereinafter called defendant, to quiet title to certain lots in Yavapai county, claiming the same to be her separate and individual property. Defendant answered, alleging that the lots in question were community property. The matter was tried to the court, sitting without a jury, and judgment rendered in favor of plaintiff, from which judgment, defendant has appealed.

The only finding of fact made by the trial court was, "That the plaintiff is the owner of and entitled to the possession of the premises described in the amended complaint and hereinafter described; that her title is in fee simple and that the said premises has at all times since she acquired title thereto been her separate and individual property, in which her husband, Ira F. Horton, the defendant herein, never at any time had any community interest or any other interest of any kind or character therein, . . . " and judgment was rendered accordingly. The so-called finding of fact was in reality more in the nature of a conclusion of law, but under our oft-repeated rule, it is presumed the court found every fact necessary to support the judgment, and such presumptive findings must be sustained if the evidence on any reasonable construction justifies them.

The law governing the case is well established. It may be stated in the following manner: All property acquired during coverture, no matter in whose name the title is taken, is *prima facie* presumed to be community. *Malich* v. *Malich,* 23 Ariz. 423, 204 Pac. 1020; *Benson* v. *Hunter,* 23 Ariz. 132, 202 Pac. 233. The character of the property as to being separate or

community becomes fixed at the time it is acquired. *Pendleton* v. *Brown,* 25 Ariz. 604, 221 Pac. 213. When the purchase price of property acquired during coverture is paid for out of the separate funds of one spouse, the property becomes the separate property and estate of such spouse. *Charauleau* v. *Woffenden,* 1 Ariz. 243, 25 Pac. 652; 31 C. J. 37, and note. But when purchased in part with community funds and in part with separate funds, it is community property to the extent and in the proportion that the consideration is furnished by the community. *In re Finn's Estate,* 106 Wash. 137, 179 Pac. 103; *Graves* v. *Columbia Underwriters,* 93 Wash. 196, 160 Pac. 436. And when the part of the purchase price is separate funds and the balance is borrowed on a mortgage on the property and a note signed by both spouses at the instance of the mortgagee, as between the spouses, unless the mortgage was afterwards paid from community funds, the property is separate. *In re Finn's Estate, supra; Graves* v. *Columbia Underwriters, supra.*

Taking the evidence in the strongest manner in behalf of plaintiff, as we must, it appears that in 1921 the property in question was purchased for the price of $1,200, $250 in cash being paid at the time. This $250 was furnished by plaintiff from her separate funds. Thereafter a building was erected upon the premises, plaintiff paying over $3,000 of the cost from her separate funds, and defendant contributing nothing in cash toward the purchase of the lots or the construction of the house. When the structure was nearly completed, the property was mortgaged for some $1,500, both spouses signing the note and mortgage. This money was used in paying the balance due on the purchase price of the lots and certain carpentering and plastering bills incurred in the building of the house. At a later time another mortgage for $2,500 on the property was made in the

same manner, and its proceeds used to pay off the $1,500 mortgage, and to pay for some paving in the street in front of the house, the cost of which had been assessed against the property. This mortgage is still unpaid. It thus appears that plaintiff had contributed at least $3,000 of her own funds toward the total cost of the premises, and the balance had been paid for from the proceeds of a mortgage still existing against the property. The only contribution defendant even claims the community has made is a large amount of work he says he did in the construction of the building, and certain community earnings he has paid since its completion for its maintenance and improvement.

Even assuming labor and money was contributed as he claims, this would not make the property community, but would at most give the community a claim against the separate estate for the amount so contributed. *Legg* v. *Legg,* 34 Wash. 132, 75 Pac. 130; 31 C. J. 89. No interest in the title to the property itself was acquired by such advancements. The owner of the property at the time of its purchase, in this case Mrs. Horton, was entitled to all the profits resulting from any increase in the value, and, as a corollary, was subject to any losses from a decrease in the value, the community having merely an equitable lien thereon for the amount advanced. Had defendant set up such a lien in a proper manner, it might be that the judgment would have been different. His answer, however, was merely that the property was community property.

Such being the case, the judgment of the trial court was correct, and the judgment is affirmed.

McALISTER and ROSS, JJ., concur.