[No. 21915. Department Two. August 13, 1929.]

*In the Matter of the Estate of* EDWARD PARKER, *Deceased.*[1]

*Richards, Gilbert & Conklin,* for appellant Case.

*Rigg & Brown* and *C. W. Halverson,* for respondent and cross-appellant Eliza Parker.

*Parker & Parker,* for respondent Fred Parker, Executor.

[1]Reported in 279 Pac. 599.

MAIN, J.—The question in this case is whether certain real property in Yakima county was the community property of Edward Parker and Julia A. Parker, his wife, or the separate property of Mrs. Parker.

Edward Parker died testate April 16, 1926. In his will, he named his wife, Julia A. Parker, executrix, and Fred Parker and Dan H. Williams, executors. Williams declined to qualify. In due time, an inventory of the estate was filed, and thereafter Eliza Parker, a daughter of Edward Parker by a prior marriage, filed objections to the inventory, and petitioned that the executors be required to include therein as community property certain tracts of orchard land in Yakima county. The tracts of land are referred to as the Fruitvale place, Ditter Brothers' Orchard tracts, the McCoy place, the Joyce place and the Poole tract. The matter came on for hearing before the court commissioner, who made findings to the effect that all the property in controversy was purchased with the separate funds of Julia A. Parker and was her separate property. Eliza Parker then caused the matter to be taken before the superior court for review. The findings of the court commissioner were approved by the court, except as to the McCoy place and the Joyce place.

Each of these tracts the court held to be in part the separate property of Julia A. Parker and in part community property of Mr. and Mrs. Parker. Subsequent to the hearing before the court commissioner, Mrs. Parker died testate. She named Lillian L. Case executrix of her will. The executrix of the will intervened individually and as such executrix. From the judgment entered by the superior court determining that the McCoy place and the Joyce place were each in part community property, she appeals. Fred Parker,

the qualified executor named in the will of Edward Parker, did not appeal. Eliza Parker prosecuted a cross-appeal, claiming that all of the property in question was community property of Edward Parker and Julia A. Parker, his wife.

At the time of the purchase of the McCoy place, a part of the purchase price was paid in cash out of the separate funds of Mrs. Parker. For the balance of the purchase price, Julia A. Parker and Edward Parker, her husband, signed a promissory note, which they secured by executing a mortgage upon the property. The same is true of the Joyce place. The appeal of Lillian L. Case presents the question as to whether any part of either of these tracts was community property. In *Katterhagen v. Meister,* 75 Wash. 112, 134 Pac. 673, it is said:

"Upon the merits of the controversy we think the learned trial court reached a wrong conclusion in holding that the property was the separate property of George Meister. He paid $1,600 upon the purchase price from his separate funds. To that extent the property was separate. The remainder, or $5,060, was paid by the community. When the husband and wife united in the promissory note, the debt created was a community debt, and the money borrowed upon the note belonged to the community. It is not material whether they borrowed the money of a third party and paid it to the vendor or gave their note direct to him as a part of the purchase price. The rule would be the same in either case. Nor does the fact that the husband later paid the note out of his separate funds change the situation. The status of the property was fixed at the time of the purchase. These views are supported by an unbroken current of decisions in this court. [Citing authorities.]"

The rule of that case was approved and restated in *Rawlings v. Heal,* 111 Wash. 218, 190 Pac. 237, where it is said:

"It is now equally well settled in this state that the status of the property is fixed at the time of the purchase, and that, if the husband and wife unite in a promissory note secured by a mortgage, payable direct to their grantor as a part of the purchase price, or, by the same means, borrow the money to be used in payment from a third party, in either such event the money borrowed becomes community property, and to that extent the purchased property is community property."

As already stated, at the time of the purchase of the McCoy and Joyce places, notes and mortgages were given as a part of the purchase price signed by the husband and wife, and under the rule of those cases the property to that extent became community property. This was the holding of the superior court, and it is here approved.

In the case of *Dobbins v. Dexter Horton & Co.,* 62 Wash. 423, 113 Pac. 1088, the purchaser of the property at the time of its purchase was an unmarried woman. Subsequently she was married and she and her husband executed a mortgage, a part of the proceeds of which went into the property. The distinction between that case and the one now before us is that there the credit of the community was not pledged by the husband and wife at the time of the purchase and as a part of the consideration therefor.

In *Guye v. Guye,* 63 Wash. 340, 115 Pac. 731, 37 L. R. A. (N. S.) 186, the obligation, which it was claimed created a community interest in the property, was not created until subsequent to the purchase thereof and therefore did not create a community interest.

The case of *In re Finn's Estate,* 106 Wash. 137, 179 Pac. 103, is distinguished in the later case of *Rawlings v. Heal, supra,* and need not be here further referred to.

Upon the cross-appeal of Eliza Parker, little

need be said. This appeal is based almost entirely upon the presumption that property acquired during coverture is community property. *In re Brown's Estate,* 124 Wash. 273, 214 Pac. 10. The evidence taken before the court commissioner and reviewed before the superior court, if worthy of belief, establishes that the property in question was all the separate property of Julia A. Parker, except as above indicated. In the cross-appellant's brief, we are invited to disregard this testimony and, on the basis of the presumption, hold that all of the property, with the exception of the Fruitvale place, was community property. This we cannot do. After giving consideration to the testimony, we think it should not be disregarded, and that it was sufficient to overcome the presumption that the property was community property.

The judgment upon both appeals will be affirmed.

PARKER, MILLARD, and FRENCH, JJ., concur.

HOLCOMB, J. (dissenting)—Upon the principal appeal, I cannot view the facts, and, consequently the applicable law, as do the majority.

The facts here seem to me to overthrow the presumption as to the property being community. There is no evidence that the community furnished any part of the consideration paid for the two properties, or that they were purchased on the credit of the community, even though notes and mortgages were given, as mere expedients, as in *Guye v. Guye,* 63 Wash. 340, 115 Pac. 731, 37 L. R. A. (N. S.) 186; *Chapman v. Edwards,* 113 Wash. 224, 193 Pac. 712; *Dart v. McDonald,* 114 Wash. 448, 195 Pac. 253, or merely perfunctorily, as in *Riverside Finance Co. v. Griffith,* 140 Wash. 322, 248 Pac. 786; or compulsorily, as in *In re Finn's Estate,* 106 Wash. 137, 179 Pac. 103.

In *United States Fidelity & Guaranty Co. v. Lee,* 58 Wash. 16, 107 Pac. 870, a married woman bought real

estate, having separate funds and more receivable subsequently, made a contract of sale of the real estate, in which it was demanded that her husband join, to which she objected, but ultimately such joint contract was executed, and this court said:

"She did not desire to pay cash, and credit was extended for her accommodation. . . . The appellant, however, had money available sufficient to make the payments, and intended to do so out of her separate funds without assistance from her husband,"

just as was intended and was done in this case. And in that case, we held the real estate to have been the separate property of the wife, even in the face of a creditor's attack.

To the facts in this case, the foregoing cases fit, as do, also, upon certain features: *Dobbins v. Dexter Horton & Co.,* 62 Wash. 423, 113 Pac. 1088; *Nicholson v. Kilbury,* 83 Wash. 196, 145 Pac. 189; *Glaze v. Pullman State Bank,* 91 Wash. 187, 157 Pac. 488; *Graves v. Columbia Underwriters,* 93 Wash. 196, 160 Pac. 436; *Chapman v. Bain,* 117 Wash. 665, 202 Pac. 245; *In re Sanderson's Estate,* 118 Wash. 250, 203 Pac. 75.

I concur in the decision upon the cross-appeal.