[No. 21854. *En Banc.* March 7, 1930.]

ESTHER W. WALKER, *Appellant*, v. THOMAS N. FOWLER *et al., Respondents.*[1]

*Byers & Byers* and *Allen, Froude, Hilen & Askren,* for appellant.

*Riddell, Brackett & Fowler,* for respondents.

MITCHELL, C. J.—Charles H. Walker and plaintiff Esther W. Walker have been husband and wife since 1903. In 1925 Thomas N. Fowler, one of the defendants in this case, obtained judgment in the superior court of King county, Washington, against Charles H. Walker. Execution was issued on the judgment and the real property involved in this action was levied

[1]Reported in 285 Pac. 649.

upon and sold by the sheriff, the judgment creditor Fowler becoming the purchaser at the sale.

It is conceded, or at least not questioned, that the judgment against Charles H. Walker was upon a community obligation of himself and his wife, though she was not a nominal party to the action in which the judgment was obtained, and that such interest as the community had in the real property passed under the execution sale. Mrs. Walker, claiming that the property sold at the execution sale was her separate property, brought this action to quiet title. It appears, therefore, that the controlling question in the case is whether the real property involved was community property or the separate property of Mrs. Walker. Indeed that is the only question in the case.

Upon this subject, the third finding made by the trial court is as follows:

"On June 8, 1921, Eva S. Case and A. E. Case, her husband, then being the owners thereof, made, executed and delivered a warranty deed wherein Esther W. Walker was named as grantee, to the following described property:

"Lot eight (8), block five (5), Thompson's University Addition to the city of Seattle, King county, Washington,

the consideration recited in said deed being the sum of $6,000, of which $1,500 was paid in cash, such money being the proceeds of funds which the said Esther W. Walker had inherited from her deceased mother; the balance of said purchase price, to wit, the sum of $4,500, was evidenced by five promissory notes aggregating that amount, secured by a purchase money mortgage, said notes and mortgage being signed by the plaintiff, Esther W. Walker, and her husband, Charles H. Walker."

In this connection it may be mentioned that the trial court further found that a certain specified portion of the mortgage indebtedness thus created was paid by

Mrs. Walker out of her separate funds. Further it may be stated that the evidence showed that Mr. and Mrs. Walker raised the money necessary to pay the balance of the purchase money mortgage, after the part payment of such mortgage out of her separate funds, by giving a mortgage to a third person.

The conclusion of the trial court upon finding number three above set out was that Mrs. Walker, in her separate right, is the owner of an undivided one-fourth interest in the property and that Thomas N. Fowler is the owner of an undivided three-fourths interest in it. Judgment was entered accordingly, from which Mrs. Walker has appealed.

A number of our cases and some from other states have been called to our attention. We need not go beyond our own cases, however, in deciding this one. It may be said that differences in the facts we have had to consider from time to time in different cases have led to what seem to be variant views upon this subject, but there is nothing of that kind to seriously interfere in the decision in this case.

In *Rawleigh Co. v. McLeod,* 151 Wash. 221, 275 Pac. 700, it was said:

"We have said in a long line of cases that the status of real property is fixed as of the time when it was acquired. Our previous holdings to that effect, fourteen cases in all, are cited in *In re Brown's Estate,* 124 Wash. 273, 214 Pac. 10, and since that time we have continued with unbroken regularity to recognize the principle. *Riverside Finance Co. v. Griffith,* 140 Wash. 322, 248 Pac. 786; *Norman v. Levenhagen,* 142 Wash. 372, 253 Pac. 113; *In re Williams' Estate,* 145 Wash. 19, 258 Pac. 851. See, also, *In re Hart's Estate,* 149 Wash. 600, 271 Pac. 886. This is a wholesome rule and we cannot now depart from it."

The case of *Katterhagen v. Meister,* 75 Wash. 112, 134 Pac. 673, is in point. In that case the husband

claimed that the property which was acquired during coverture was his separate property because the cash payment and thereafter the purchase price note and mortgage were all paid out of his separate funds. The finding of the trial court in that case was:

"That the said George Meister and Mary Meister, intestate, acquired after said marriage the following described property, to wit: . . . That the title to said lands were taken in the name of and deeded to George Meister and Mary Meister, the intestate; that the purchase price of said property was six thousand six hundred fifty dollars ($6,650); that one thousand six hundred dollars ($1,600) of this was paid in cash out of the separate funds of George Meister, and that the remainder of said purchase price was paid by a promissory note and mortgage, signed by George Meister and Mary Meister, the intestate; that the said note and mortgage were paid by George Meister out of his separate funds."

The conclusion of the trial court in that case was that the property was "the sole and separate property of said George Meister."

In reversing the judgment of the trial court in that case, this court said:

"Upon the merits of the controversy, we think the learned trial court reached a wrong conclusion in holding that the property was the separate property of George Meister. He paid $1,600 upon the purchase price from his separate funds. To that extent the property was separate. The remainder, or $5,050, was paid by the community. When the husband and wife united in the promissory note, the debt created was a community debt, and the money borrowed upon the note belonged to the community. It is not material whether they borrowed the money of a third party and paid it to the vendor or gave their note direct to him as a part of the purchase price. The rule would be the same in either case. Nor does the fact that the husband later paid the note out of his separate funds change

the situation. The status of the property was fixed at the time of the purchase. These views are supported by an unbroken current of decisions in this court. *Yesler v. Hochstettler,* 4 Wash. 349, 30 Pac. 398; *Main v. Scholl,* 20 Wash. 201, 54 Pac. 1125; *Heintz v. Brown,* 46 Wash. 387, 90 Pac. 211, 123 Am. St. 937; *Ballard v. Slyfield,* 47 Wash. 174, 91 Pac. 642; *Denny v. Schwabacher,* 54 Wash. 689, 104 Pac. 137, 132 Am. St. 1140; *United States Fidelity & Guaranty Co. v. Lee,* 58 Wash. 16, 107 Pac. 870.

"In the case last cited, in considering the determinative principles in cases of this character, we said:

" 'Where property is acquired during marriage, the test of its separate or community character is whether it was acquired by community funds and community credit, or separate funds and the issues and profits thereof; the presumption always being that it is community property, but this presumption may be rebutted by proof'."

This court divided the property 1600-6650 as separate property, the remainder as community property, in that case.

Counsel for appellant in the present case contend, as we understand, that the *Katterhagen v. Meister* case, *supra,* should be distinguished from the present one because in that case husband and wife were both named as grantees in the deed, indicating, as they say, an intention to make the real property community property, while here Mrs. Walker alone was named as grantee in the deed. It did not have that effect as to the portion represented by the cash payment of $1,600. It is obvious, however, upon a fair reading of the opinion, that naming both husband and wife in the deed as grantees, rather than only one of them, in no way whatever entered into the reasons given for holding that the property, other than the portion represented by the cash payment, was community property.

In *Rawlings v. Heal,* 111 Wash. 218, 190 Pac. 237, we reaffirmed the rule, saying:

"It is now equally well settled in this state that the status of the property is fixed at the time of the purchase, and that, if the husband and wife unite in a promissory note secured by a mortgage, payable direct to their grantor as a part of the purchase price, or, by the same means, borrow the money to be used in payment from a third party, in either such event the money borrowed becomes community property, and to that extent the purchased property is community property. *Katterhagen v. Meister,* 75 Wash. 112, 134 Pac. 673, and cases there cited."

In the recent case of *In re Parker's Estate,* 153 Wash. 392, 279 Pac. 599, the question was whether five certain pieces of real property were community property of Edward Parker and Julia A. Parker, his wife, or the separate property of the wife. The facts were that, at the time of the purchase of two of the tracts, called the McCoy place and the Joyce place, a part of the purchase price was paid in cash out of the separate funds of Mrs. Parker, and for the balance of the purchase price Mrs. Parker and her husband signed a promissory note which they secured by executing a mortgage on the property purchased. Then upon referring to the cases of *Katterhagen v. Meister,* and *Rawlings v. Heal, supra,* and setting out the holding in each of those cases, it was said:

"As already stated, at the time of the purchase of the McCoy and Joyce places, notes and mortgages were given as a part of the purchase price signed by the husband and wife, and under the rule of those cases the property to that extent became community property. This was the holding of the superior court, and it is here approved."

The cases just referred to are decisive of the present one.

Counsel for appellant calls attention to a statement in *Riverside Finance Co. v. Griffith,* 140 Wash. 322, 248 Pac. 786, to the effect that the circumstance that, in purchasing a piece of real property acquired by the husband after the sale of his business (private business owned by him in his own separate right), a mortgage was given signed by both himself and his wife to the vendor for a portion of the purchase price, did not render the property community property. To the extent that the statement embraces that portion of the property represented by the amount of the purchase money mortgage, we are satisfied it is at variance with our earlier cases referred to herein, out of harmony with our subsequent case of *In re Parker's Estate, supra,* and is hereby overruled.

In our opinion the judgment in this case is correct and should be and is affirmed.

MILLARD, PARKER, TOLMAN, MAIN, and FRENCH, JJ., concur.

BEALS, J. (dissenting)—In the opinion of this court in *In re Carmack's Estate,* 133 Wash. 374, 233 Pac. 942, this court held that, under the circumstances disclosed by the record in that proceeding, the community composed of Mr. Carmack and his wife should be adjudged to own an interest in certain real estate because of the employment of community funds in improving the same. It was held that the surviving widow had some interest in the land as her separate property, but that the larger interest therein belonged to the community, and that the whole was subject to administration as community estate. It was suggested that the administrator would probably ultimately be required to account to Mrs. Carmack for her separate interest. As was said by this court in the case of *Rawleigh Co. v. McLeod,* 151 Wash. 221, 275 Pac. 700, this court, in deciding the issues presented on the appeal in the

matter of *Carmack's Estate, supra,* looked to the equities of the case, and recognized that under the circumstances an equitable lien in favor of the community should be recognized and protected. In the last mentioned case, the rights of the community were also recognized, although not specifically determined, as it was held that the same should properly be adjudicated by the superior court at some later time.

In the case at bar, it appears from the findings that appellant, after the purchase of the real property which is the subject-matter of this action, and the making of a down payment of $1,500 on account of the purchase price thereof out of her separate estate, for which she was awarded a one-fourth interest in the property by the decree from which she appeals, paid a further, certain, specific portion of the mortgage indebtedness created at the time of the purchase, out of her separate funds.

In my opinion, appellant should be awarded as her separate property, in addition to the one-fourth interest decreed to her by the trial court, a further interest in the property by way of an equitable interest therein or lien thereon, for the amount of money which she paid, after the purchase of the property, on account of the mortgage indebtedness against the same, out of her separate estate.

No element of estoppel is presented by the record in this case, and in my opinion, the ruling above suggested is consistent with the two decisions of this court above referred to, and is, I think, in accord with the principles of law, justice, equity and sound logic.

I therefore dissent from the conclusion reached by the majority.

HOLCOMB, J. (dissenting)—I concur in the dissent and the conclusion reached by Judge Beals.

I especially dissent from that part of the prevailing

opinion which unnecessarily goes out of its way to over-rule the decision in *Riverside Finance Co. v. Griffith,* 140 Wash. 322, 248 Pac. 786. The decision in that case was supported by five prior cases cited therein. In at least four of the five cases cited therein, other prior cases were mentioned as supporting them. Several of the majority signing the prevailing opinion concurred with Judge Mackintosh in *In re Finn's Estate,* 106 Wash. 137, 179 Pac. 103, and *In re Brown's Estate,* 124 Wash. 273, 214 Pac. 10, wherein the other cases are discussed. The decision in the *Meister* case, relied upon by the majority, was not in the way of the decision in the *Finn* case, where we held that, where property was purchased and partly paid for by a wife with separate funds and the balance secured by a joint note and mortgage upon her separate property, its status as her separate property is fixed at that time and the presumption that it was community property is over-come, although subsequently community funds were used in paying the obligation where there was no intention as between husband and wife to change the original status of the property.

The foregoing principle announced in the *Finn* case was mentioned without disapproval in the case relied upon so much by the majority, the *Rawlings* case, *supra.*

There is no more necessity for overruling the *Riverside Finance Co.* case, *supra,* than there is for over-ruling all the cases therein cited and prior decisions cited in *In re Finn's Estate* and *In re Brown's Estate, supra.*  .

Such decisions as that of the majority herein are making the law inconstant rather than uniform and consistent.