[No. 12560.  Department Two.  November 10, 1915.]

JOSEPHINE MORSE et al., Appellants, v. KATE JOHNSON
et al., Respondents.[1]

HUSBAND AND WIFE — COMMUNITY PROPERTY — SEPARATE ESTATE—
ACQUISITION BEFORE MARRIAGE. Real property contracted and partly
paid for by a man before marriage, who obtained a deed after mar-
riage by paying the balance of the purchase price from his own funds
and from money borrowed on the security of the property, is the
separate property of the husband.

SAME—COMMUNITY PROPERTY—CHANGING STATUS—EVIDENCE—SUF-
FICIENCY. The status of the separate property of the husband is not
affected by the erection of buildings and the payment of the balance
of the purchase price after marriage, where the rentals of the prop-
erty alone had turned back more than sufficient to pay the balance
of the purchase price and the cost of the improvements and upkeep,
and there was no clear and convincing evidence establishing any
community interest or the extent thereof.

SAME—STATUS—ACQUISITION. An advancement to another for the
purchase price of real property, in consideration of marriage, does
not make the property then acquired the community property of the
parties after their marriage.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered August 3, 1914, upon findings
in favor of the defendants, in an action to enjoin an execu-
tion sale, tried to the court.  Affirmed.

Z. B. Rawson and John S. Jurey, for appellants.

J. H. Templeton and Jack Sommer, for respondents.

FULLERTON, J.—The respondent, Kate Johnson, in an ac-
tion instituted in the superior court of King county, re-
covered a judgment against the appellant W. A. Morse, on a
contract conceded to be his separate obligation.  Later on
she caused a writ of execution to be issued on the judgment
and placed in the hands of the sheriff of King county for
service.  The sheriff levied the writ upon two several tracts

[1]Reported in 152 Pac. 677.

of real property situated in King county, and was proceeding to sell the same thereunder, when the present action was begun by the appellants Morse and wife to enjoin the sale. The action was founded on the claim that the property levied upon was the community property of Morse and wife, and hence not subject to sale under the judgment, since the judgment was the separate obligation of W. A. Morse only. Issue was taken on the allegations of the complaint and a trial was had, which resulted in findings by the court to the effect that one of the tracts only was community property, and in a judgment to the effect that the other was subject to sale under the writ of execution. Morse and wife appeal.

The tract adjudged to be the separate property of W. A. Morse consisted of lots 1, 2, and 3, in block 22, of H. L. Yesler's 1st addition to the city of Seattle. The evidence shows that Morse acquired title to lot 3 thereof on November 8, 1900, paying at that time the purchase price in full; that he contracted to purchase lots 1 and 2 sometime in the year 1900, agreeing to pay for them the sum of $6,800; that on January 7, 1901, he obtained a deed to the lots, paying of the purchase price $4,300 from his own funds, and the remainder, $2,500, from money borrowed on the security of the property. He married his present wife, the appellant Josephine Morse, on June 17, 1902, something over a year and a half after he had acquired the legal title to the property last described.

From the foregoing facts, it is plain that the real property mentioned was the separate property of W. A. Morse from the time of its acquisition by him up to the time of his marriage, and it is equally plain that the marriage did not in itself change its status in that respect. If, therefore, it has since become the community property of himself and his wife, it is because of the manner in which the parties have dealt with the property since their marriage. We said in the case of *In re Deschamps' Estate*, 77 Wash. 514, 137 Pac. 1009, that the status of property is fixed at the time of its purchase,

and remains so fixed unless changed by deed, by due process
of law, or by the working of some form of estoppel. The ap-
pellants, in recognition of this rule, sought to show that the
property had been divested of its separate character, by evi-
dence tending to prove that they had erected buildings on the
lots, had paid the note outstanding for the purchase price at
the time of their marriage, and had met the cost of the up-
keep of the property from the rentals of the property and
from moneys earned by them after the marriage which they
had intermingled with the earnings of the property. But it
was shown that the property had in rentals alone turned back
into the fund more than sufficient to pay the remainder of the
purchase price and the costs of the improvements and up-
keep, and that, in addition thereto, the appellants had mort-
gaged the property for an even greater sum, and had used
the money so obtained largely in the purchase of other real
property.

It is our opinion that these facts do not justify us in hold-
ing that the community has any interest in the real property
in question. Since it was originally the separate property of
the husband, and since its status in this respect has not been
changed by deed, or due process of law, the utmost interest
the community could have therein would be some proportion
thereof less than the whole. But this proportion is not defi-
nitely defined in the evidence. Indeed, as we have said, the
evidence justifies the conclusion that the parties drew from
the property and devoted to community uses a much greater
sum than the community expended thereon. To establish
a community interest of this nature in separate property,
when the rights of third persons are involved, the evidence
establishing the interest and the extent thereof must be clear
and convincing. It is not so here.

After the court had made its findings and entered its judg-
ment, the appellants moved for a new trial, basing their mo-
tion upon newly discovered evidence and insufficiency of the
evidence to justify the judgment. The motion was accom-

panied by the separate affidavits of the appellants, in which they averred that, at the time the appellant W. A. Morse was negotiating for the purchase of these lots, the parties were engaged to be married; that, in pursuance of their engagement and in the expectation of holding the property in common, the appellant Josephine Morse advanced to her co-appellant the sum of $800 to be applied upon the purchase price of the property, and that the same was actually applied thereon. A counter affidavit was filed which would seem to question the accuracy of the appellant's statements, especially as to the reason and purpose of the advancements. But, conceding the truth of the matter stated in the affidavits, and waiving the question whether a sufficient excuse was offered for not introducing it in evidence on the trial of the main case, we cannot think it warrants a different conclusion from that arrived at by the trial judge. Advancements by one party to another for the purchase price of real property, even in consideration of marriage, do not make the property purchased community property of the parties. This status arises after the marriage and as a result of marriage, not from the mere contemplation of marriage.

The judgment is affirmed.

MORRIS, C. J., ELLIS, and CHADWICK, JJ., concur.