[No. 16579.  Department Two.  December 7, 1921.]

EMMA L. CHAPMAN *et al., Respondents,* v. THOMAS H.
BAIN, *Appellant.*[1]

HUSBAND AND WIFE (19, 53, 60)—WIFE'S SEPARATE ESTATE—COM-
MUNITY PROPERTY — PRESUMPTIONS — EVIDENCE — SUFFICIENCY.  The
presumption that property deeded to one spouse after marriage is
community property is rebuttable by proof that property was ac-
quired in the name of the wife by and with the consent of the hus-
band that it should be her separate property, at a time when its ac-
quisition worked no hindrance to, or fraud upon, creditors.

SAME (56-1)—COMMUNITY PROPERTY—IMPROVEMENTS ON SEPARATE
PROPERTY.  Where improvements upon land acquired as the sep-
arate property of the wife were made from gifts of money to her
by a relative, and without the employment of community funds or
resources, the status of the property as that of the wife is not
affected.

Appeal from a judgment of the superior court for
King county, Hall, J., entered October 22, 1920, upon
findings in favor of the plaintiffs, in an action for an
injunction, tried to the court. Affirmed.

*Almon Ray Smith* and *Thos. H. Bain,* for appellant.
*Geo. McKay,* for respondents.

HOLCOMB, J.—Respondents brought this action to
prevent the sale of the wife's separate property under
a judgment against the husband alone.

The trial court, upon substantial and competent evi-
dence in support thereof, made findings in effect as
follows:

"That respondent, Emma L. Chapman, acquired the
lands in dispute through a conveyance made to her on
February 18, 1905, by one Margaret W. Bain, spinster, .
'as her sole and separate property for the sole and
separate use of Emma L. Chapman.' That the con-
sideration paid for the above mentioned conveyance

[1]Reported in 202 Pac. 245.

was the separate money of Emma L. Chapman acquired by her by gift from her sister Hattie Bennett, and no part of the same was acquired in any way from her husband. That her husband, George W. Chapman, was present when the conveyance was made, and consented to and directed the form thereof, with the intent on his part that Emma L. Chapman should take and hold the property conveyed as her separate estate and property. That George W. Chapman was not then insolvent, but on the contrary was well able to pay, and has since paid in full all debts then owed by him, and that the debt hereinafter mentioned was not incurred for eight years or thereabouts after the conveyance above mentioned had been recorded. That all the substantial improvements on the land so conveyed to Emma L. Chapman were made with money given to her by her sister Hattie Bennett, and such improvements were not made with the community funds or property of the plaintiffs nor at their expense, nor with their community resources, or property, and that the same were made five years and upwards prior to the time when the debt was incurred upon which the judgment mentioned in the pleadings was based, except the electric light fixtures costing about $100, which were paid for by her sister Hattie Bennett, and the improvements were made in good faith and without any intent to hinder, delay or defeat the claims of creditors.''

Although appellant contends that all property acquired after marriage, except gifts, devises or by inheritance by an individual spouse, is community property—that is only rebuttable presumption. In this case the evidence amply rebuts that presumption and supports the findings of the trial court that, at a time when the spouses could, without hindrance to or fraud upon creditors, acquire property by deed in the name of one as separate property, this property was so acquired as the separate property of the wife, by and with the consent and approval of the husband, and its

status was then fixed. *Katterhagen v. Meister,* 75 Wash. 112, 134 Pac. 673; *United States Fidelity & Guaranty Co. v. Lee,* 58 Wash. 16, 107 Pac. 870; *In re Deschamps' Estate,* 77 Wash. 514, 137 Pac. 1009; *Morse v. Johnson,* 88 Wash. 57, 152 Pac. 677; *In re Finn's Estate,* 106 Wash. 137, 179 Pac. 103; *Rawlings v. Heal,* 111 Wash. 218, 190 Pac. 237.

The evidence also sustains the findings of the court that all of the essential improvements on the land owned by the wife in her own separate right were made with money given to her by her sister Hattie Bennett, and were not made with community funds or property of the spouses, nor with community resources.

This disposes of appellant's other contentions, that money borrowed by one spouse or by both becomes community property, and that improvements upon separate property made with community resources is community property in the proportion that the value of such resources bears to the whole property.

There is nothing further to consider and the judgment must be affirmed.

Affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.