[No. 16677.   Department One.   January 9, 1922.]

## In the Matter of the Estate of JOHN SANDERSON.

ISABELLA RICE, *as Executrix etc., Appellant,* v. ALICE SANDERSON, *Administratrix, Respondent.*[1]

HUSBAND AND WIFE (58)—COMMUNITY PROPERTY—PROPERTY AC-QUIRED DURING MARRIAGE — PRESUMPTIONS. Property acquired by spouses during the marital relation is presumptively community property, but this presumption is a rebuttable one.

SAME (19, 58, 60)—WIFE'S SEPARATE ESTATE—PURCHASE BY WIFE —COMMUNITY PROPERTY — EVIDENCE — SUFFICIENCY. Where land is purchased by a wife with her separate funds, its status as her separate property remains as fixed until changed by deed, due process of law, or some form of estoppel.

Appeal from a judgment of the superior court for King county, Allen, J., entered March 15, 1921, upon findings in favor of the defendant, upon a contest to determine the right to administer an estate, tried to the court.  Modified.

*Thorwald Siegfried* and *Eimon L. Wienir,* for appellant.

*Will H. Merritt* and *Winter S. Martin,* for respondent.

MITCHELL, J.—John Sanderson died April 2, 1920, in and a resident of King county, Washington.  He left surviving him a widow, Alice Sanderson, to whom he had been married since December 25, 1900.  He left a will in which Mrs. Isabella Rice, a daughter by a former marriage, was nominated as executrix.  The will was proven and admitted to probate and Mrs. Rice qualified as executrix thereof.  About the same time Mrs. Sanderson, representing that all the property

[1]Reported in 203 Pac. 75.

which the deceased owned at the time of his death was community property, was appointed administratrix of the estate. A contest arose between the two representatives as to the character of the property, under § 49 of the probate code of 1917 (Laws of 1917, p. 654), Pierce's Code, 1921, § 9935, which provides that a surviving spouse shall be entitled to administer upon the community property, notwithstanding the provisions of the will to the contrary, if the court find the spouse to be otherwise qualified.

Upon hearing the contest, the trial court made findings and conclusions and entered judgment that a portion of the property (designating and describing it) was separate property of the deceased and the residue community property. An appeal has been taken from the judgment.

At the time of his marriage, John Sanderson owned in his own separate right a tract of real property that was sold in the year 1902. All of the property he was interested in at the time of his death was acquired during his second marriage relation. Under our community property system the presumption is that property acquired during the marital relation is community property, but this presumption may be rebutted. *United States Fid. & Guar. Co. v. Lee,* 58 Wash. 16, 107 Pac. 870; *Katterhagen v. Meister,* 75 Wash. 112, 134 Pac. 673, and many other cases. With this well settled rule in mind, the case presents nothing other than matters of fact. Not confining ourselves to the arguments and abstracts of the respective parties, the statement of facts in the case has been fully examined, and, with one exception, we reach the conclusion expressed by the trial court upon the written findings of fact entered in the cause. The one exception referred to is this: The trial court found that the home place, lot 2, block 3, Ballard's Addition to Gilman Park, King county,

Washington, was the community property of John and Alice Sanderson, whereas the testimony shows without dispute that the lot was purchased by Mrs. Sanderson and paid for with her own separate funds. "We said in the case of *In re Deschamps' Estate,* 77 Wash. 514, 137 Pac. 1009, that the status of property is fixed at the time of its purchase, and remains so fixed unless changed by deed, by due process of law, or by the working of some form of estoppel." *Morse v. Johnson,* 88 Wash. 57, 152 Pac. 677; *Rawlings v. Heal,* 111 Wash. 218, 190 Pac. 237. None of the ways for changing the status of property, as above mentioned, exists in this case.

Remanded with directions to modify the judgment according to the views herein expressed. In all other respects the judgment is affirmed.

The administratrix will recover her costs of the appeal.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.