NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

JUDITH BRYSON ZENNARO, *Petitioner/Appellee,*

*v.*

BRUNO ZENNARO, *Respondent/Appellant.*

No. 1 CA-CV 23-0334 FC
FILED 05-23-2024

Appeal from the Superior Court in Maricopa County
No. FN2021-001466
The Honorable Amy Michelle Kalman, Judge

**AFFIRMED**

COUNSEL

Schmidt McElwee & Gordon, PLLC, Phoenix
By Tracy Gordon
*Co-Counsel for Petitioner/Appellee*

Mark J. DePasquale, PC, Phoenix
By Mark J. DePasquale
*Co-Counsel for Petitioner/Appellee*

Maxwell Law Group, Mesa
By April Maxwell
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Acting Presiding Judge Jennifer M. Perkins and Chief Judge David B. Gass joined.

---

**W E I N Z W E I G**, Judge:

**¶1**        Bruno Zennaro ("Husband") appeals the superior court's dissolution decree ending his marriage to Judith Bryson Zennaro ("Wife"). Husband challenges the court's characterization of property and finding of no community lien.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Husband and Wife married in 2002.  The couple lived in California for over a decade in a house that Wife inherited.  Husband signed a disclaimer deed for that house in 2006, which clarified the California house was Wife's sole and separate property.

**¶3**        Husband and Wife kept their finances separate because, according to Wife, "[Husband] couldn't handle money."  To that end, Wife opened her own bank account ("Bank Account"), where she deposited her retirement benefits and business income.  Husband paid Wife at least $500 per month for his medical insurance, which she deposited into the Bank Account.

### *The Condo*

**¶4**        Wife purchased a condominium ("Condo") in 2010 for $69,900.  Her son ("Son") from an earlier relationship gifted her $75,000 on the day she signed the purchase contract, which he withdrew from his bank account.  Wife used Son's gift to fund the purchase price and $5,100 in fees associated with the sale.  Wife took title directly from the previous seller and the deed did not characterize the Condo as community or separate property, or state that Wife was married.  Wife then rented the Condo to renters and deposited the rental income into her Bank Account.

2

*The Scottsdale Home*

¶5        Wife sold the California house in 2013 and used some of the sale proceeds for a down payment on a home in Scottsdale ("Scottsdale Home"). She deposited the remaining proceeds into her Bank Account. Wife took title to the Scottsdale Home in her name. Husband again signed a disclaimer deed to show the Scottsdale Home was Wife's sole and separate property.

¶6        Wife got a mortgage on the Scottsdale Home, and used her Bank Account to make the monthly payments. In 2018, Wife conveyed the Scottsdale Home to Son, who assumed the mortgage. But Husband and Wife lived in the Scottsdale Home until Wife filed for divorce in April 2021.

¶7        Husband was diagnosed with dementia in 2021, and the superior court appointed his son from a prior relationship to serve as his Guardian and Conservator ("Guardian").

¶8        In 2023, the superior court held an evidentiary hearing to determine whether the Scottsdale Home and Condo were separate or community property. Based on the evidence, the court ruled (1) the Scottsdale Home was Wife's separate property, (2) the Condo was Wife's separate property, and (3) the community had no equitable lien on either property. The court also found that Wife's Bank Account was her separate property at all times and no community funds were used to pay for either the Condo or Scottsdale Home.

¶9        Husband timely appealed the divorce decree. We have jurisdiction. *See* Ariz. Const. art. VI, § 9; A.R.S. §§ 12-2101(A)(1), and -120.21(A)(1).

## DISCUSSION

¶10        Husband argues that (1) the Condo is either community property or the community is entitled to an equitable lien on the Condo, (2) the community is entitled to an equitable lien on the Scottsdale Home, and (3) the court erroneously excluded his evidence. We consider each argument in turn.

I.        **The Condo**

¶11        We review de novo whether property is separate or community property. *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15 (App. 2000). Property acquired during marriage is presumed to be

community property unless acquired by inheritance or gift. A.R.S. §§ 25-211(A), -213(A). The spouse who contends that property acquired during marriage is separate property must prove so by clear and convincing evidence. *Schickner v. Schickner*, 237 Ariz. 194, 199, ¶ 22 (App. 2015). We view the evidence in the light most favorable to supporting the superior court's decision, *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012), and uphold its decision if supported by substantial evidence, *Est. of Page v. Litzenburg*, 177 Ariz. 84, 92 (App. 1993).

¶12　　　The superior court held the Condo was Wife's separate property because Son gifted her the purchase price. We agree. The record includes substantial evidence showing that Son gifted $75,000 to Wife on the purchase date and Wife used that sum to acquire the Condo and cover ancillary expenses. Both Wife and Son testified to this arrangement. Son also offered a bank statement showing he withdrew $75,000 in cash from his bank account on the day Wife signed the purchase contract. *See O'Hair v. O'Hair*, 109 Ariz. 236, 239–40 (1973) (a gift requires donative intent by donor, and delivery to and acceptance by the donee); *Armer v. Armer*, 105 Ariz. 284, 289 (1970) (less evidence is required to show a gift between a parent and child).

¶13　　　Husband argues that Wife did not rebut the presumption of community property with clear and convincing evidence because Husband previously disclaimed separate properties to Wife, but he did not disclaim the Condo. We defer to the superior court's judgment to the extent its rulings are based on the weight of conflicting evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347–48, ¶ 13 (App. 1998).

¶14　　　Husband also argues the court erroneously found that "[Son] conveyed the [Condo] to wife through a quit claim deed." We agree. The record does not show that Son quitclaimed the Condo to Wife; instead, the deed shows that Wife acquired the Condo directly from its previous owner. Even so, the court properly characterized the Condo as Wife's separate property.

¶15　　　Because Wife purchased the Condo with Son's gift of $75,000 and she took title in her name alone, we affirm the superior court's characterization of the Condo as Wife's sole and separate property. *Horton v. Horton*, 35 Ariz. 378, 380–82 (1929); *Noble v. Noble*, 26 Ariz. App. 89, 96 (1976).

## II.     Commingled Bank Account

**¶16**          Husband argues Wife's Bank Account should be characterized as community property because it contains commingled funds.  The party seeking to establish the separate character of commingled property must do so by clear and convincing evidence.  *Franklin v. Franklin*, 75 Ariz. 151, 155 (1953).

**¶17**          Husband argues Wife's Bank Account was "inextricably comingled" because it included (1) rental income from Wife's Condo, (2) Husband's monthly contributions of $500 for medical insurance, and (3) Wife's small business income and her retirement benefits.  We are not persuaded.

**¶18**          First, any rental payments on Wife's separate property are still her separate property.  A.R.S. § 25-213(A) (rental income from separate property remains separate property).

**¶19**          Second, a commingled separate bank account only becomes a community bank account if the separate property funds are no longer traceable.  *Noble*, 26 Ariz. App. at 95–96.  There is no evidence in the record that Wife's Bank Account was "treated as community property without segregation," *Blaine v. Blaine*, 63 Ariz. 100, 109 (1945), or that separate and community funds were "so mixed together that a court is unable to tell how much money was originally separate and how much was originally community," *Potthoff v. Potthoff*, 128 Ariz. 557, 562 (App. 1981).  At most, Husband showed he paid Wife $500 per month for his medical insurance.

**¶20**          Third, the parties stipulated that the parties' retirement benefits are each their separate property.

**¶21**          Fourth, the only income otherwise earned during their almost 20-year marriage was Wife's hobby business of making and selling stuffed bears.  Those earnings were community property, but the evidence shows that Wife's earnings were *de minimis*.  Because this amount was *de minimis* and traceable, Wife met her burden of showing no community funds were used to pay for her separate property. Viewing these facts in the light most favorable to upholding the superior court's ruling, *Walsh*, 230 Ariz. at 490, ¶ 9, we affirm because we see no other sources of community funds in Wife's Bank Account.

## III. Community Lien

**¶22** Husband next argues the community should have received an equitable lien on the Scottsdale Home and the Condo. A marital community is entitled to reimbursement for its contributions to a spouse's separate property. *Saba v. Khoury*, 253 Ariz. 587, 590, ¶ 8 (2022). The right to reimbursement is secured by an equitable lien on the separate property. *Id.* The existence and value of a community lien is a mixed question of law and fact, which we review for an abuse of discretion and will uphold unless clearly erroneous or unsupported by credible evidence. *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010). Wife has the burden to prove that only separate funds were used to pay for both properties. *Drahos v. Rens*, 149 Ariz. 248, 251 (App. 1985).

**¶23** Wife met her burden to show that her separate funds were used to purchase the Condo and no community contributions were made. Wife paid for the Condo with separate funds gifted by Son. No mortgage was taken on the property. Indeed, Husband's Guardian conceded there was no evidence of a community contribution. Wife testified that she paid for minor repairs to the Condo with the rental income and Husband did not contribute.

**¶24** Husband likewise argues the community is entitled to an equitable lien on the Scottsdale Home, but the record shows otherwise. The record shows that Wife paid the down payment with separate funds from the sale of her California property, and she paid the mortgage with separate funds from her Bank Account, which was her separate property. Wife later transferred the Scottsdale Home to Son, who assumed the mortgage but permitted Husband and Wife to live in the home. What is more, Husband signed a disclaimer deed to the Scottsdale Home and his Guardian conceded there was no evidence of a community contribution.

**¶25** We affirm the superior court's finding that Husband was not entitled to an equitable lien on the Condo or Scottsdale Home.

## IV. Evidentiary Rulings

**¶26** We review the superior court's evidentiary rulings for an abuse of discretion, *Woyton v. Ward*, 247 Ariz. 529, 533, ¶ 14 (App. 2019), and will not reverse unless the court incorrectly applied the law, resulting in unfair prejudice, *Coleman v. Amon*, 252 Ariz. 107, 110, ¶ 5 (App. 2021).

**¶27** Husband argues the superior court erroneously "blocked" Husband's Guardian from testifying about Husband's litigation positions

because Guardian lacked personal knowledge under Rule 602, but still permitted Wife to ask Guardian about those positions.

**¶28** We are not persuaded. First, Husband points to no specific evidentiary ruling and instead offers a general argument that the court inconsistently required the witness to have personal knowledge. *See* Ariz. R. Evid. 602 and 103; *see also State v. Towery*, 186 Ariz. 168, 179 (1996) (requiring the proponent of precluded testimony "to make the offer of proof so that the reviewing court can determine whether the trial judge erred in precluding the evidence").

**¶29** Second, Husband cites no authority for his argument that personal knowledge is not required of a Guardian or Conservator who testifies on behalf of an incapacitated person. *See Ruvalcaba By & Through Stubblefield v. Ruvalcaba*, 174 Ariz. 436, 444–45 (App. 1993) (citing Rule 602 and holding that a "guardian . . . as well as others with knowledge, may testify as to statements made" by an incompetent person prior to their incapacitation).

**¶30** Third, Husband has not explained how he was unfairly prejudiced, *Coleman*, 252 Ariz. at 110, ¶ 5, or how the error affected his substantial rights, Ariz. R. Fam. Law P. 86 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). We discern no abuse of discretion.

## CONCLUSION

**¶31** We affirm. Wife requested attorney fees and costs under ARCAP 21 and A.R.S. § 25-324. After considering the financial resources of both parties and the reasonableness of Husband's positions on appeal, we decline to award attorney fees. Wife is entitled to costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV